[Civ. No. 4714. First Appellate District, Division One.—July 26, 1924.]

MILDRED MULLER, Respondent, v. UNION TRACTION COMPANY (a Corporation), Appellant.

[1] APPEAL—REMITTITUR—IRREGULARITY IN ISSUANCE OF — WAIVER—EVIDENCE.—Where a party who was the plaintiff in two separate actions, in which the causes of action were the same, recovered judgment against the defendant in each of said actions, and a stay of entry of judgment and of further proceedings was granted in the second action until the appeal in the first action was heard and determined, and thereafter, pursuant to a dismissal of the appeal and request for the issuance of the *remittitur* forthwith filed by the appellant, a *remittitur* was issued forthwith accordingly, irregularities in the issuance of said *remittitur* were waived by the respondent (plaintiff) when she caused said *remittitur* to be entered by the clerk of the trial court in accordance with section 958 of the Code of Civil Procedure, and particularly in view of the fact that afterward she took advantage of such entry by making written request for entry of judgment in the second action, which request was made upon the ground that the appeal in the first action had been determined and the judgment therein had become final.

[2] ID.—RENDITION OF OPINION—STAY—FOR WHOSE BENEFIT INTENDED. The constitutional and statutory provisions, and also the rules of court providing for a lapse of time and stay after rendition of opinion by the appellate jurisdiction, were doubtless designed for the benefit of the losing party.

---

1.  See 2 Cal. Jur. 1068.
2.  See 2 Cal. Jur. 422.

[3] ID.—WAIVER OF STAY BY APPELLANT—ACCEPTANCE BY RESPONDENT —RATIFICATION — WAIVER OF IRREGULARITY IN ISSUANCE OF RE-MITTITUR. — Anyone may waive the advantage of a law intended solely for his benefit, and since the appellant in such first action waived the right to any lapse of time or stay on appeal and respondent afterward treated and acted upon the *remittitur* which was issued forthwith as a result of appellant's waiver as valid, by causing it to be entered in the records of the action, it constituted an acceptance by respondent of such waiver, and a ratification of any irregularity in the proceedings under which such *remittitur* may have been issued.

[4] ID.—COSTS—REMITTITUR.—The failure to insert in the *remittitur* a judgment for the recovery of respondent's costs on appeal is not such a fatal omission as to demand a recall of the *remittitur*, for the reason that section 1027 of the Code of Civil Procedure allows respondent, as the prevailing party, her costs on the appeal and appellant stands ready to pay the maximum amount thereof.

[5]. ID.—ABANDONMENT OF APPEAL — RIGHT OF APPELLANT. — In the absence of cross-appeals or counter-demands, the appellant has absolute control over its own appeal; and where the appellant, in apparent good faith, desires to abandon its appeal, end the litigation, and pay the full amount of the judgment together with the maximum amount of interest and costs allowed by law, the respondent should not be allowed to prolong the litigation because of irregularities which, if in fact do exist, do not in the slightest manner prejudice the right of the respondent, but which, on the contrary, would seem to operate to her advantage.

---

(1) 4 **C. J.,** p. 1209, sec. 3257 (Anno.).    (2) 4 **C. J.,** p. 1210, sec. 3259.    (3) 4 **C. J.,** p. 1209, sec. 3257 (Anno.), p. 1210, sec. 3259 (Anno.); 13 **C. J.,** p. 423, sec. 355; 40 **Cyc.,** p. 254.    (4) 4 **C. J.,** p. 1249, sec. 3314 (Anno.).    (5) 4 **C. J.,** p. 563, sec. 2376, p. 564, sec. 2377.

MOTION by respondent to recall and vacate *remittitur.* Motion denied.

The facts are stated in the opinion of the court.

Heller, Ehrman, White & McAuliffe, Leo H. Susman and James L. Atteridge for Appellant.

Ford & Johnson for Respondent.

---

4. See 2 **Cal. Jur.** 1068.

5. Appellant's right to dismiss appeal, notes, 2 **Ann. Cas.** 794; 11 **Ann. Cas.** 966. See, also, 2 **Cal. Jur.** 762; 2 **R. C. L.** 168.

THE COURT.—Respondent's motion to recall and vacate *remittitur*.

On April 6, 1922, plaintiff, Mildred Muller, obtained a judgment, after verdict by jury, against defendant, Union Traction Company, a corporation, for $38,000 as damages for personal injuries. Defendant appealed. Subsequently, plaintiff, in another action, recovered a verdict for $118,000 against the Coast Counties Gas and Electric Company, the principal stockholder of said Union Traction Company, upon the same cause of action previously declared upon against said Union Traction Company. A stay of entry of judgment and of further proceedings was granted in the second action until the appeal in the first action was heard and determined. On June 26, 1924, after the transcript and briefs on appeal in said first action were filed, but before said cause was placed on the calendar for argument, appellant Union Traction Company filed herein a dismissal of said appeal and a request that the *remittitur* issue forthwith, and the presiding justice of this court signed and caused to be filed an order to that effect. The *remittitur* was issued forthwith accordingly and was immediately transmitted to the clerk of the court from which the appeal was taken. On the morning of the following day, June 27, 1924, the attorneys for the respective parties appeared before the Honorable D. C. Deasy, judge of the superior court of the city and county of San Francisco, Department No. 13, before whom the second cause of action was tried, and thereupon, the attorneys for the defendant and appellant requested further stay of proceedings in that case, which request was opposed by the attorney for the plaintiff and respondent. The court indicated that upon proper entry of the *remittitur* in the records of the action in which the *remittitur* was issued, further stay of entry of judgment in the second action would be denied. Thereupon the attorney for the plaintiff and respondent personally wrote in a book denominated "order-book" kept by the county clerk, the following: "June 27th. Please enter *remittitur* on minutes of Court—Dept. 15. Geo. K. Ford, atty. for plaintiff." The county clerk, then, pursuant to section 958 of the Code of Civil Procedure, attached said *remittitur* to the judgment-roll and made proper entry thereon in the docket. Later, on the same day, said

68 Cal. App.—16

attorneys again appeared before Judge Deasy and the attorney for plaintiff and respondent in opposition to the request made by defendant and appellant for further stay, offered in evidence said *remittitur,* and according to the affidavit filed on behalf of defendant and appellant, insisted that judgment be entered in said second action.   Thereafter, on the same day, said attorney for plaintiff and respondent made further entry in said "order-book" requesting entry of judgment in said second action.   Whether or not judgment was so entered is not made certain by the record before us.

It further appears that on said June 27, 1924, and again on June 28, 1924, said defendant and appellant, Union Traction Company, duly tendered plaintiff the full amount due on said first judgment, together with interest, costs and all other moneys due, expressly including the sum of $100, the total amount allowed by law as costs on appeal, which tenders were by plaintiff and respondent refused.   Said tender was renewed, in writing, at the time of the hearing of this motion.

Respondent's motion herein to recall and vacate the *remittitur* is made upon eleven separate grounds, which briefly stated and in substance are that said *remittitur* was issued prematurely, inadvertently, and irregularly and did not provide for judgment for costs on appeal.   In this respect respondent contends, first, that an appeal may be dismissed only "by the court" and then only upon motion, after notice, except on stipulation; secondly, that the dismissal of an appeal is in effect a judgment of affirmance and as such does not become final until the expiration of thirty days, and that only after it becomes final may the *remittitur* issue, unless otherwise ordered or stipulated.

[1]   Irrespective of the merits of the legal points urged by respondent bearing upon the irregularities which she claims underlie the issuance of said *remittitur,* we are of the opinion that any such irregularities were waived by her when she caused said *remittitur* to be entered by the clerk of the trial court in accordance with section 958 of the Code of Civil Procedure, and particularly in view of the fact that afterward she took advantage of such entry by making written request for entry of judgment in the second action, which request was doubtless made, as respondent contends,

upon the ground that the appeal in the first action had been determined and the judgment therein had become final. Whether, as appellant claims, such first entry was made in said "order-book" at the suggestion of the trial court or was made upon respondent's own initiative makes little difference, since, in either event, said *remittitur* was actually entered by the clerk pursuant to the written request.

[2] The constitutional and statutory provisions, and also the rules of court providing for a lapse of time and stay after rendition of opinion by the appellate jurisdiction, were doubtless designed for the benefit of the losing party. [3] "Anyone may waive the advantage of a law intended solely for his benefit. . . . " (Sec. 3513, Civ. Code), and since the appellant waived the right to any such time and respondent afterward treated and acted upon the *remittitur* which was issued forthwith as a result of appellant's waiver, as valid, by causing it to be entered in the records of the action, it constituted, we believe, an acceptance by appellant of such waiver, and a ratification of any irregularity in the proceedings under which such *remittitur* may have been issued.

[4] The failure to insert in the *remittitur* a judgment for the recovery of respondent's costs on appeal is not such a fatal omission as to demand a recall of the *remittitur* for the reason that section 1027 of the Code of Civil Procedure allows respondent, as the prevailing party, her costs on this appeal and appellant stands ready to pay the maximum amount thereof. The cases relied upon by respondent in support of this point arose prior to the amendment of 1913 to that code section, except the case of *Morgrage* v. *National Bank of California*, 25 Cal. App. 133 [142 Pac. 1124], and in the latter case it does not appear, as here, that the losing party stood ready to pay the costs in full, consequently we do not consider the cases cited by respondent in point. Moreover, we are entirely unable to perceive wherein respondent has been harmed by the irregularities complained of, or in what manner her interest will be prejudiced if said *remittitur* is not recalled. If, as she claims, she has the right to elect which of the two judgments she will execute, the present status of the instant proceeding cannot interfere with the exercise of that right. [5] There are involved no cross-appeals or counter-demands, and certainly under those cir-

cumstances appellant has absolute control over its own appeal. Obviously respondent has been waiting over two years to obtain an affirmance of her judgment so that she might collect the money due thereon. Appellant now comes forward and obviates further delay by consenting, in effect, to an affirmance of said judgment and offers to immediately pay the full amount thereof together with the maximum amount of interest and costs allowed by law. If the appeal were heard and determined in respondent's favor she could not in this action recover any greater amount, except perhaps in the matter of interest, than appellant is now ready to pay, and when, as here, the appellant, in apparent good faith, desires to abandon its appeal, end the litigation, and pay the full amount of the judgment, we see no reason why the respondent should be allowed to prolong the litigation because of irregularities which, if in fact do exist, do not in the slightest manner prejudice the right of the respondent, but which, on the contrary, would seem to operate to her advantage.

The motion is denied.